## PITTS *v.* BASKIN *et al.*\*

(Division A. Nov. 23, 1925.)

[106 So. 10.   No. 25128.]

1. LANDLORD AND TENANT. *Waiver of lien of rent held limited, and to give no right to buy from tenant.*

   Landlord's waiver, written in tenant's mortgage on crop to bank to secure notes for supplies, of rents and any lien till notes secured by the mortgage were paid, is not a general one, but merely postpones payment of rent in favor of the notes, and gives mortgagee, or any one else, no right to purchase the crop.

2. PLEADING. *Conclusions or inferences not admitted by demurrer.* Demurrer does not admit conclusions or inferences.

3. PLEADING. *Demurrer may be based only on facts stated, and not on inferences.*

   Demurrer to bill may not be based on any inferences or conclusions arising on bill, but only on facts therein stated.

4. PLEADING. *Agency of tenant for complainant landlord, to sell cotton raised, not assumed from allegation of bill.*

   From allegation of bill of landlord, to recover, as subject to lien for rent, value of cotton sold by tenant to defendants, that the year previous tenant produced a crop on the land, paid bank its claim for loan for supplies, which complainant had allowed to be a prior lien, and then paid complainant, agency of the tenant for the landlord to sell the cotton, cannot be assumed, in aid of demurrer to bill, it not being alleged how tenant paid complainant and bank, whether with money or cotton or in some other way.

---

\*Headnotes 1.   Landlord and Tenant, 36 C. J., Section 1545 (Anno); 2. Pleading, 31 Cyc., p. 335; 3. Pleading, 31 Cyc., p. 322; 4. Pleading, 31 Cyc., p. 322.

APPEAL from chancery court of Sunflower county.

HON. E. N. THOMAS, Chancellor.

Suit by Mrs. Mamie L. Pitts against E. Baskin and others.   Bill dismissed, and complainant appeals.   Reversed and remanded.

*Everett & Forman,* for appellant.

There can be no contention in this case that a landlord's lien did not exist in favor of Mrs. Pitts for her rent for 1923. Section 2330, Hemingway's Code. Therefore, there are only two questions, as we see it, presented on this appeal: (1) Was the waiver in favor of the Bank of Indianola for the furnishing of Baskin in 1923 a general waiver by the landlord of her statutory landlord's lien? (2) Is a tenant on a farm the agent of the landlord to the extent that the acts of the tenant are binding on the landlord?

As to the first question, the bill alleges that the lien of the appellant as landlord was specially waived in favor of the Bank of Indianola and no one else, and that it was not her intention to waiver to any one else, and that Baskin sold the cotton to certain cotton buyers without her knowledge or consent. We find all the authorities unanimous on the question that: "A waiver is the intentional relinquishment of a known right." 27 R. C. L., page 904, 40 Cyc. 252; *Knights of Pythias* v. *Quinn,* 78 Miss. 531; 17 R. C. L., par. 16, page 607, 27 R. C. L. 908, 27 R. C. L. 910.

As to the second question presented, that of agency as between the landlord and tenant, we take it that counsel will not contend that a tenant on a farm is the agent of the landlord, to the extent that the tenant's acts will bind the landlord. This question is also one of fact to be determined by the proof, so as to show whether or not, the course of dealing between the landlord and his tenant and with the public is such as to create the relationship of principal and agent so as to estop the principal from denying the acts of his agent. Unless that relationship exists then, most certainly, the acts of the tenant would not bind or estop the landlord and the bill, not showing such relationship, it is not demurrable on that ground, but that is a fact which must be set up in an answer and the relationship between the landlord, her tenant and the

public must be clearly proved in order that the court might determine whether the lien was waived and the complainant estopped from setting up lien. *Davis* v. *Butler,* 91 So. 279.

Therefore, we submit that the questions as presented by the demurrer are questions of fact to be determined upon the evidence introduced upon proper allegations in an answer and are not questions of law to which a demurrer would lie, and for that reason, this case should be reversed.

*Gardner, Odom & Gardner,* also for appellant.

I. The bill of complaint shows on its face that complainant waived her landlord's lien for rent on cotton purchased by the defendants, as shown by the second and third grounds of the demurrer.

II. That the bill of complaint shows on its face that the defendant, E. Baskin, was duly authorized to act as agent of complainant in selling said cotton, as shown by the fourth and fifth grounds of said demurrer.

Section 2330, Hemingway's Code, makes the landlord's lien paramount to all other claims, liens or demands upon the agricultural products produced on leased premises. The foregoing statute first appeared in its present form as section 1301, Code of 1880, and has since remained unchanged. Our court in construing this section has uniformly held that the landlord's lien is a prime lien, and may be successfully asserted against a *bona-fide* purchaser, whether with or without notice of the existence of the lien. The law in this regard is too well settled to require extended citations. *Newman* v. *Bank of Greenville,* 66 Miss. 323, 5 So. 573; *Eason* v. *Johnson,* 69 Miss. 371, 12 So. 446; *Warren* v. *Jones,* 70 Miss. 202, 14 So. 25; *Millsaps* v. *Tate,* 75 Miss. 150, 21 So. 663; *Ball* v. *Sledge,* 82 Miss. 749, 35 So. 447; *Robinson Co.* v. *Weathersby,* 101 Miss. 724, 57 So. 983.

*There was no waiver or lien for rent as to cotton buyers.*
It seems clear that the waiver was specific, and that no
reasonable mind would argue that appellant executed a
general waiver of her landlord's lien. Furthermore, since
the waiver and deed of trust were duly recorded, all
persons dealing with E. Baskin were given notice that the
waiver was limited in its scope and only in favor of the
Bank of Indianola for the amounts named in the deed of
trust.

Under the well-established rule of pleadings in this
state, the allegations are confessed by the demurrer and
must be considered as true in passing on the merits of the
demurrer. Griffith's Chancery Practice, sec. 288, page
286; *Globe, etc., Ins. Co.* v. *Fireman's Fund, etc., Co.,* 97
Miss. 148, 52 So. 454; *State* v. *Nichols,* 106 Miss. 419, 63
So. 425; *U. S. F. & G. Co.* v. *First State Bank,* 103 Miss.
91, 60 So. 47; Polk v. Hattiesburg, 109 Miss. 872, 69 So.
675; *Batesville Southwestern Railway Co.* v. *Mims,* 111
Miss. 574, 71 So. 827; *Lumber Co.* v. *Norton,* 111 Miss.
720, 72 So. 140.

Therefore, in view of the express terms of the waiver
and the positive allegations of the bill of complaint, we
respectfully submit that the second and third grounds of
demurrer are untenable and wholly devoid of merit.

*Tenant not the agent of the landlord.* Appellees say
that the bill of complaint shows on its face that appellant
held out her tenant, E. Baskin, as her authorized agent in
selling the cotton and is, therefore, estopped to deny such
agency. The trouble with this position is that the allega-
tions in the bill of complaint do not sustain this conten-
tion. On the other hand, the contrary affirmatively ap-
pears from the allegations in appellant's bill.

There is no apparent merit in any of the grounds of de-
murrer, and, with due deference to the learned chancellor
who tried the case in the court below, his action in sus-
taining the demurrer is clearly erroneous. In fairness to
the lower court, we believe that his action in sustaining
the demurrer was probably based on a misconception of

the holding of our court in *Judd* v. *Delta Grocery & Cotton Co.,* 133 Miss. 866, 98 So. 243. Counsel attempts to base their demurrer on inferences and not on facts alleged in the bill of complaint. It has long since been settled by our court that such demurrers are not well taken. We find the general rule in support of our position stated in the recent work of Griffith on Mississippi Chancery Practice, par. 288, page 287. See *also Griffin* v. *Dogan,* 48 Miss. 22.

We think that it would be out of place to cite authorities in this brief on the question of agency and estoppel, for the reason that under the allegations of the bill of complaint these questions, as we see them, do not enter into the issues now before this court. The demurrer, in our judgment, was improperly sustained.

*C. L. Gwin* and *C. B. Snow,* for appellee.

I. *The waiver of the landlord's lien to the Bank of Indianola constituted a general waiver of the lien of the landlord.* From the waiver itself, the landlord not only waived her landlord's lien, but waived the payment of her rent until the notes described in the deed of trust to the Bank were paid.

II. *The tenant was the agent of the landlord for the sale of the cotton involved. Seavy* v. *Godbold,* 99 Miss. 113; *Phillips* v. *Thomas,* 128 Miss. 729, 91 So. 420; *Judd* v. *Delta Grocery Co.,* 98 So. 243.

Argued orally by *H. T. Odom,* for appellant, and *C. B. Snow,* for appellees.

McGOWEN, J., delivered the opinion of the court.

Mrs. Mamie L. Pitts filed a bill in the chancery court of Sunflower county, against E. Baskin, tenant, and a number of cotton buyers, seeking to recover from the

former her rent for the year 1923, and from the latter, cotton buyers, the value of cotton raised on leased premises sold to them by Baskin without her knowledge and consent, alleging that she had a landlord's lien on the cotton so sold for the rent of the lands described in the bill for said year.

The lease contract exhibited with the bill shows that the lands were leased by the complainant to the defendant for the years 1922, 1923, and 1924, for the sum of two thousand dollars per annum, and the rent note for the year 1923 was exhibited with the bill.

The bill alleges that early in the year 1922 Baskin was unable to obtain "furnish" or supplies with which to make a cotton crop, and Mrs. Pitts agreed with Baskin and the Bank of Indianola that the tenant might execute a trust deed to the bank on his personal property and the crop for 1922, and that the landlord would waive her rights for that year in favor of the bank in order that the bank might be paid the money it furnished Baskin with which to make the crop before the rent for that year was paid; and it is further alleged that the waiver was in favor of the bank, and was to apply to the bank lien, and that she had no intention of waiving her landlord's lien to any other person whomsoever. Under this arrangement the bank took the trust deed. The bill alleges that in 1922 the debt due the bank was paid by the tenant, and likewise that the rent note due the landlord was paid by the tenant.

It is further alleged that at the beginning of the year 1923, tenant again applied to Mrs. Pitts, the landlord, for aid in securing the furnish for making a crop in 1923. The same arrangement was entered into between the tenant, landlord, and Bank of Indianola for the year of 1923, and the landlord again waived her rent for that year in favor of the bank to the extent of the money advanced by it for making the crop in that year, but that this waiver extended to the bank, and the bank alone, and not to any one else, and did not authorize Baskin to sell any portion

of the crop in 1923 to the Bank of Indianola or any other
person.

The bill further charges that a good portion of the cot-
ton raised on her place was sold by Baskin and the pro-
ceeds paid to the defendant T. M. Pitts for the rent on his
land, and that other cotton raised on said place was sold
and placed to the credit of the notes to a larger extent
than was applied to the debt of that cotton of T. M. Pitts,
and that she was entitled to have Pitts contribute equally
in payment of the bank's indebtedness; that there was
sufficient cotton raised on both places to pay the indebted-
ness due the Bank of Indianola and the rent on both
places for the year, 1923; that Baskin failed and refused
to pay rent; and that Baskin had sold the cotton to the
various cotton buyers and placed the money derived from
such sale of said cotton raised on her land in the bank
of Sunflower to the credit of his wife. Written in the
trust deed, or in the blank space thereon, given to the
bank, for the year 1923, appears the waiver, which is as
follows:

"We hereby waive all rents until the notes listed be-
low are paid, also any lien any of us may have on the
above stock and personal property. [Signed] T. M. Pitts
and Mrs. M. L. Pitts, by W. T. Pitts, Agent."

The body of the trust deed described the notes men-
tioned as being due November 1, 1923, one for six hundred
and eighty dollars and the other for two thousand four
hundred seventy-seven dollars and fifty cents. To this
bill W. R. Humphrey filed a demurrer and assigned as
causes:

"(1) There is no equity on the face of the bill as
against this defendant; (2) the bill shows on its face that
the complainant has waived any lien she might have had
on the cotton alleged to have been purchased by this de-
fendant; (3) the bill shows on its face the complainant is
estopped to assert any lien, etc.; (4) the bill shows on its
face that the complainant held out the defendant Baskin,
the alleged tenant of complainant, who it is alleged sold

140 Miss.—29.

the cotton to this defendant, for which it is sought recovery against this defendant, as her agent in the selling of said cotton, and that she is now estopped to deny such agency; (5) the bill shows on its face that the defendant Baskin, the alleged tenant of complainant, who it is alleged sold the cotton to this defendant, for which it is sought recovery against this defendant in the selling of said cotton, did so as the agent of complainant, acting in the scope of his agency.''

The only language in the bill from which there could be any deduction or inference of agency is as follows:

''And produced a crop on said land, paid the Bank of Indianola his furnish account, and paid his rent for the year 1922 both to T. M. Pitts and your complainant, after he had paid the Bank of Indianola the amount due it for its furnish to him.''

The chancellor sustained the demurrer, the complainant declined to amend further, and thereupon the bill was dismissed.

The written waiver which we have copied above is not a general waiver, but one which postpones the payment of the landlord's rent until certain specific notes described in the deed of trust on which the waiver was written were paid, and no right was vested in the Bank of Indianola to purchase the cotton raised on the leased premises, and, if no right accrued to the Bank of Indianola, certainly others not parties to that contract could not claim any rights thereunder.

We have searched the bill in vain to find any language which would indicate that the landlord permitted the tenant to sell cotton during the year of 1922, or that there was any express or implied authority so to do, and we fail to find any language in the bill justifying any idea of any kind of agency vested in the tenant by the landlord. The simple statement is that he paid the rent for the year 1922. It is not alleged whether he paid it with money or cotton or corn or in some other manner. No inference can

be indulged, as the demurrer confesses the statements alleged in the bill to be true.

We could as well indulge the presumption that the tenant paid the rent for the year 1922 in cotton, as to indulge the presumption that he sold the cotton himself and paid the rent in money. A demurrer does not admit conclusions or inferences; it may not itself be based upon any inferences or conclusions arising upon a bill, but only upon the facts therein stated. *Griffin* v. *Dogan,* 48 Miss. 22.

Reference is made to the case of *Judd* v. *Delta Grocery & Cotton Co.,* 133 Miss. 866, 98 So. 243, but in that case, which was tried out on its merits, an agency was established that Judd, the landlord, had permitted his son to handle the cotton and sell the same, and pay the rent, over a number of years, and this court held that this course of dealing constituted the tenant as agent of the landlord in the sale of the cotton, and therefore the landlord was estopped.

In the instant case, no course of dealing is alleged except that which we have quoted as to the year 1922, and, no allegation of agency being set out in the bill, we cannot assume that such an agency existed upon the allegation which we have quoted *verbatim* in this opinion, and we do not think the case of *Judd* v. *Delta Grocery & Cotton Co., supra,* has any application to the state of facts set out in the bill. We think the demurrer should not have been sustained, and the cause is reversed and remanded, with leave to the defendants to file their answers within thirty days.

Reversed and remanded, with leave to defendants to file answers within thirty days.

*Reversed and remanded.*